UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

17-81064-CV-ROSENBERG/HOPKINS

LOVEY LOVE HARRIS )
)
    Plaintiff )
)
)
)
v. )
APPLE INC. )
)
    Defendant )
)
_____)

FILED by __LH__ D.C.

Sep 25, 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – FT. PIERCE

## COMPLAINT

Come now the Plaintiff, **Lovey Love Harris** states the following:

### PARTIES AND JURISDICTION

1. Plaintiff for all times mentioned herein was and is a resident of St. Lucie County, State of Florida. This court has subject matter jurisdiction over the claims presented in this complaint under U.S.C. § 1332 because Plaintiff is a resident of Florida.

2. Defendant is a corporation with its principal place of business in California and maintains

3. Venue is proper in that the causes of action arose in the Southern District of Florida pursuant to 28 U.S.C. § 1391.

4. Jurisdiction of this action is conferred upon this court as this action as there exists complete diversity of citizenship and in the matter in controversy exceeds the sum of $75,000.

1. On or about June 16, 2017 Plaintiff LOVEY LOVE HARRIS was caused and allowed to sustain personal injuries due to the dangerous metal wall fixtures at the Wellington APPLE INC.
store location of 1030 W. Forest Hill Boulevard, Wellington, FL.

2. Plaintiff arrived for a genius bar work appointment to have her IPhone repaired.

3. APPLE INC. employee retrieved IPhone case from wall located at the Apple Store Wellington.

4. The Apple Inc. employee dropped a sharp metal shelf bolder on the Plaintiff's left arm while locating a IPhone case for her Iphone.

5. That at all times herein mentioned, Defendant APPLE INC. managed the aforementioned premises.

6. That at all times herein mentioned, Defendant APPLE INC. owned the aforementioned premises.

7. That at all times herein mentioned, Defendant APPLE INC. controlled the aforementioned premises.

8. That at all times herein mentioned, Defendant APPLE INC. maintained the aforementioned premises.

9. That at all times herein mentioned, Defendant APPLE INC. inspected the aforementioned premises.

10. That at all times herein mentioned, Defendant APPLE INC. repaired the aforementioned premises.

11. Plaintiff at all times herein mentioned, Defendant APPLE INC. controlled the aforementioned premises.

12. Plaintiff LOVEY LOVE HARRIS's injuries were due solely to the negligence of the defendant without any contributory negligence on the part of the plaintiff herein.

13. That the defendant were negligent in the ownership, management, control, maintenance, inspection and repair of the aforementioned premises; in failing to maintain said area in a safe condition for those lawfully using same; in that said condition remained at a time when the defendants, its agents, servants, and/employees knew should have known that an incident, such as the instant incident would take place, in creating the hazardous condition; in allowing the dangerous condition to remain without remedying same; in not warning persons threat of the dangerous condition then and there existing; in failing to ensure a safe environment for customers; and in causing the plaintiff to sustain serious personal injury.

14. Defendant APPLE INC., its agents, servants, employees and/or licenses in the ownership, operation, maintenance, control and repair and inspection of the wall displays and shelving; in failing to take those steps necessary to avoid the accident herein without any contributory negligence on the part of the plaintiff herein. APPLE INC. was negligent in failing to properly maintain the wall displays and shelving and in failing to follow the applicable Laws of the State of Florida.

15. That by the foregoing, Plaintiff LOVEY LOVE HARRIS, was severely and seriously injured; suffered and will continue to suffer pain and injury; has become lame and disabled and upon information and belief, will be permanently injured; that she has been compelled to spend sums of money and incur liability for medical care and treatment. Upon information and belief, will be required to spend and incur liability therefore in the future.

WHEREFORE, Plaintiff, LOVEY LOVE HARRIS, demands judgement against the defendant in an amount to be determined at the time of trial in excess of the jurisdiction of all lower courts, together with the costs and disbursement of this action and such other, further, and different relief as to this Court may seem just and proper.

**Dated:** September 25, 2017

Respectfully Submitted,

Lovey Love Harris

4702 SW. Paley Road
Port Saint Lucie, FL 34953
Plaintiff/Pro se